# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Susan Carol Gilbert,

|                          | Plaintiff, | Case No. 20-cv-11072 |

v.

Commissioner of Social Security,

Judith E. Levy
United States District Judge

|                          | Defendant. | Mag. Judge Patricia T. Morris |

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [18], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21]

On April 30, 2021, Magistrate Judge R. Steven Whalen[1] issued a Report and Recommendation ("R&R") (ECF No. 25) recommending that the Court deny Plaintiff Susan Carol Gilbert's motion for summary judgment (ECF No. 18), grant Defendant the Commissioner of Social Security's motion for summary judgment (ECF No. 21), and affirm the Commissioner's decision to deny Plaintiff benefits under the Social

---

[1] On June 25, 2021, a text-only order reassigned the case from Magistrate Judge R. Steven Whalen to Magistrate Judge Patricia T. Morris pursuant to Administrative Order 21-AO-013.

Security Act between January 28, 2004 and February 12, 2012. (*See* ECF No. 17-14, PageID.3914–3926; ECF No. 25, PageID.4723.)

On May 14, 2021, Plaintiff filed three timely objections to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 26.) Plaintiff's first objection relates to the Magistrate Judge's finding that substantial evidence supports the Administrative Law Judge's ("ALJ") decision that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. (*See id.* at PageID.4761–4765.) Plaintiff's second objection is that the Magistrate Judge "excused" the ALJ's failure to consider the opinions regarding absences provided by two of Plaintiff's treating physicians: Ami Shah, M.D., and Timothy Hoffmann, M.D. (*Id.* at PageID.4766–4767.) Plaintiff faults the ALJ for not giving these opinions controlling weight. (*See id.*) Plaintiff's third objection challenges the ALJ's finding—which the Magistrate Judge upheld—that Plaintiff's impairments do not meet or medically equal Listing 1.04A. (*See id.* at PageID.4767–4769.) Defendant responded to these objections. (ECF No. 27.)

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.   Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough. (ECF No. 25, PageID.4722–4737.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (alteration in original). Objections that restate arguments already presented to the magistrate judge are

improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

In *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019), the Supreme Court articulated the standard the district court must apply when conducting its de novo review. The Court indicated that the phrase "substantial evidence" is a "term of art." *Id.* at 1154 (internal citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in

4

original) (internal citation omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

On review, the Court is to "accord the ALJ's determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (internal citation omitted). "[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III.   Analysis

### A. Objection 1

Plaintiff first argues that the Magistrate Judge erred because substantial evidence does not support the ALJ's finding that Plaintiff retained the RFC to perform a limited range of sedentary work. Plaintiff

states that "[b]ecause the pain associated with fibromyalgia ('FMS') waxes and wanes, often by the day, it is usual in a[n] FMS patient to have varying degree of symptoms by the encounter." (ECF No. 26, PageID.4761.) She challenges the R&R because the Magistrate Judge "cites a *plethora* of instances in the medical records where plaintiff appeared for medical appointments without exhibiting severe symptoms of pain and objective medical evidence of a resulting restriction." (*Id.* (emphasis in original).) Plaintiff argues that the ALJ erred by "rel[ying] upon objective evidence to the exclusion of the usual symptoms of FMS." (*Id.* at PageID.4763.) She references her testimony that she had "good days and bad days where she was not able to do much more than recline in her recliner," and she states that her testimony "was consistent with the usual characteristics of FMS." (*Id.* (citing ECF No. 17-14, PageID.3968).) Plaintiff argues that the ALJ also erred by assessing her RFC without considering the side effects of her medications or her sister's report regarding Plaintiff's limitations. (*Id.* at PageID.4764–4765.) In addition, Plaintiff seems to argue that the RFC is flawed because the ALJ did not consider her termination from her employment, which she indicates was due to her having too many absences. (*See id.* at

6

PageID.4763, 4765.) She states that these absences were caused by her medical conditions. (*See id.* at PageID.4763.)

Defendant argues that the Court should reject Plaintiff's arguments because the Magistrate Judge "reasonably found that [Plaintiff's medical records and testimony about her functioning] entitled the ALJ to discount Plaintiff's allegations of inability to work full-time prior to February 13, 2012." (ECF No. 27, PageID.4774.) Defendant states that the ALJ and the Magistrate Judge considered "often-benign objective evidence from this period," as well as "that Plaintiff received some relief from Lyrica, and remained able to perform a variety of activities—notably, taking care of her house, four pets, and a young daughter (age two at the time of Plaintiff's alleged disability onset)." (*Id.* (internal citations omitted).) Defendant states that the ALJ's conclusion "was within the permissible 'zone of choice,' and warrants deference." (*Id.* at PageID.4775 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).) Moreover, Defendant argues that Plaintiff's arguments regarding medication side effects and her sister's report fail because the Magistrate Judge addressed these issues, and Plaintiff "has not identified any error in []his analysis." (*Id.*)

Plaintiff made identical arguments in her motion for summary judgment. (*See* ECF No. 18, PageID.4667 ("The ALJ relied too much on the presence of objective medical evidence which is not present in FMS."); *id.* at PageID.4668 (arguing that medication side effects were not discussed "in the ALJ's RFC discussion which produced tiredness" (citing ECF No. 17-14, PageID.3975–3977)); *id.* at PageID.4665 (arguing that "plaintiff's reason for being terminated" was not considered); *id.* at PageID.4665 ("Another item of evidence not mentioned in the opinion was a report from plaintiff's sister, Diana Higdon, in 2006 which set forth very limited activities and much time spent resting which would have precluded full time competitive work." (citing ECF No. 17-6, PageID.2465–2472).) Therefore, this is not a proper objection. "The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 2:15-cv-14031, 2017 WL 1190947, at *3 (E.D. Mich. Mar. 31, 2017) (internal citations omitted).

Regardless, the ALJ's and the Magistrate Judge's RFC findings related to Plaintiff's physical limitations, including those resulting from

fibromyalgia, were not based exclusively on the objective evidence in the record. The ALJ considered Plaintiff's testimony that "she had good and bad days where she would not be able to lift anything on bad days." (ECF No. 17-14, PageID.3919.) He considered that she "complained of intermittent pain that was not inducible." (*Id.*) He also considered that Plaintiff "stated that lying supine, sitting, standing, walking or lifting worsened her pain symptoms, but sitting in a reclining chair helped improve symptoms." (*Id.*) The ALJ noted that Plaintiff "took Lyrica to help alleviate her fibromyalgia symptoms, which helped with aches and pains all over her body," that "Flexeril made her feel 'dried out,'" and that "[s]he complained of morning stiffness." (*Id.* at PageID.3920 (internal citations omitted).) The ALJ explained that he gave little weight to the opinions of Drs. Shah and Hoffmann regarding Plaintiff's limitations and her ability to work because, among other things, Plaintiff "had been performing work at a medium exertional level as a paint spray inspector, but missed too much time and lost her job." (*Id.* at PageID.3921.) The ALJ also gave these opinions little weight because Plaintiff "was raising a two year old in 2004, and she was able to do much more, by her own admission, than she is now." (*Id.*)

9

As Defendant notes, "the Magistrate Judge explicitly considered—and rejected—Plaintiff's argument 'that the ALJ relied too much on the objective evidence in analyzing the condition of fibromyalgia.'" (ECF No. 27, PageID.4773 (quoting ECF No. 25, PageID.4742–4746).) The Magistrate Judge determined that the ALJ's "finding that fibromyalgia did not cause disability level limitation is well supported and adequately explained" by evidence such as Plaintiff's reported reduction in symptoms from Lyrica and by "the ALJ's observation that during the relevant period, she was able to shop, care for her two-year-old daughter, drive, use a computer, and care for four pets." (ECF No. 25, PageID.4743–4744 (citing ECF No. 17-14, PageID.3918, 3920).) Because the Magistrate Judge properly found that the ALJ did not limit his review to the objective evidence in assessing an RFC that considered Plaintiff's fibromyalgia, this aspect of Plaintiff's objection lacks merit.

Moreover, Plaintiff's arguments regarding the ALJ's failure to consider the side effects from her medications, her sister's report, and her termination fail. As noted above, the ALJ did consider Plaintiff's termination in formulating the RFC. (*See* ECF No. 17-14, PageID.3921.) And in the R&R, the Magistrate Judge discussed the ALJ's consideration

10

of her medication side effects, addressed the issue of side effects himself, and determined that it was not an error for the ALJ to "declin[e] to discuss her sister's layperson assessment of Plaintiff's limitations." (ECF No. 25, PageID.4746–4748.) The Sixth Circuit instructs that

> the fact that the ALJ's opinion failed to discuss all of the testimony and evidence presented to him does not mean that the ALJ "failed to consider" the evidence. . . . An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.

*Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (internal citation omitted). Plaintiff has not shown that the ALJ's and the Magistrate Judge's analysis is flawed. Accordingly, Plaintiff's first objection is overruled.

### B. Objection 2

Plaintiff's second objection is that the Magistrate Judge "excused" the ALJ's failure to consider the opinions of Drs. Shah and Hoffmann that Plaintiff would be absent three or four days per month. (ECF No. 26, PageID.4766.) Plaintiff claims that the Magistrate Judge "fail[ed] to recognize FMS's fluctuating symptomology and cite[d] to medical encounters where plaintiff felt 'good' and extrapolated those occurrences into proof that plaintiff could work a consistent 40 hour work week." (*Id.*)

11

Plaintiff argues that if the treating physicians' opinions regarding absences were given controlling weight, they "would have disabled plaintiff" in light of the vocational expert's testimony that more than one absence per month would be work preclusive. (*Id.*) Plaintiff argues that these opinions are "solid . . . because her 17 year employer had to discharge [her] because she missed too much work." (*Id.*) She also seems to argue that the opinions are "uncontradicted" without providing an explanation or citations to the record in support of this assertion. (*Id.* at PageID.4767.)

In response, Defendant argues that "[t]he Magistrate Judge properly found that the ALJ reasonably discounted the opinions" of treating physicians Drs. Shah and Hoffman, who "opined, among other things, that Plaintiff would miss at least three days of work per month." (ECF No. 27, PageID.4776.) Defendant argues that the ALJ "reasonably discounted both sources' opinions because they were neither supported by or consistent with the record." (*Id.* (citing ECF No. 17-14, PageID.3921).) According to Defendant, "the Magistrate Judge cited a non-exhaustive list of examples supporting the ALJ's conclusion that the opinions as a whole were inconsistent with the record—including the

provisions about absences from work"—and "[n]othing further was required." (*Id.* at PageID.4777 (citing ECF No. 25, PageID.4750–4752).)

In her motion for summary judgment, Plaintiff argued that the opinions of Drs. Shah and Hoffmann, including their opinions about absences, are "uncontradicted" by the record and should have been given controlling weight by the ALJ. (*See* ECF No. 18, PageID.4668–4670.) The Magistrate Judge rejected this argument. (ECF No. 25, PageID.4748–4752.) Because Plaintiff's argument improperly repeats the argument before the Magistrate Judge, her objection is overruled. *See Owusu v. Mich. Dep't of Corr. Pain Mgmt. Comm.*, No. 16-cv-12490, 2019 WL 4627585, at *6 (E.D. Mich. Sep. 24, 2019) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." (internal citations omitted)).

In any event, the ALJ's and the Magistrate Judge's analysis of the opinions of Drs. Shah and Hoffmann was not improper. As the Magistrate Judge explained in the R&R (ECF No. 25, PageID.4748–4749), an "ALJ must give a treating physician's medical opinion controlling weight unless it is not 'well-supported by medically acceptable clinical and

laboratory diagnostic techniques [or] is . . . inconsistent with the other substantial evidence in [the claimant's] case record.'" *Chicora v. Comm'r of Soc. Sec.*, 852 F. App'x 968, 969–70 (6th Cir. 2021) (alterations in original) (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Here, the ALJ gave the opinions of Drs. Shah and Hoffmann little weight because he found them unsupported by and inconsistent with objective and subjective evidence in the record. (*See* ECF No. 17-14, PageID.3921.) The Magistrate Judge found that the ALJ's conclusions are backed by substantial evidence, which included "other treating opinions, the treating records for the relevant period, and Plaintiff's own reports." (ECF No. 25, PageID.4751–4752.) The Magistrate Judge discussed "contemporaneous treating records"—including at least one by Dr. Shah—and found that "[n]one of the records supports the conclusions by Drs. Shah and Hoffmann that Plaintiff would be required to miss multiple days of work each month." (*Id.*) The Magistrate Judge also found that Dr. Hoffmann's two opinions "are contradictory" and "grossly inconsistent with [treating physician] Dr. Visser's December, 2006 opinion (based on his current observations) and Dr. Shah's opinion that Plaintiff experienced *no* degree of manipulative limitation." (*Id.* at

14

PageID.4751 (emphasis in original) (citing ECF No. 17-7, PageID.2695–2696).) Plaintiff does not articulate why this analysis is flawed, and it was proper for the Magistrate Judge to conclude that "[t]he ALJ reasonably discounted [the] medical opinion[s of Drs. Shah and Hoffmann] on the basis that [they] conflicted with other substantial evidence in the record," including their own treatment notes and other opinions from the relevant period. *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389 (6th Cir. 2015). Accordingly, Plaintiff's second objection is overruled.

## C. Objection 3

Plaintiff argues in her third objection that the ALJ erred by not finding that her "left foraminal disc herniation at L4-5" meets or medically equals Listing 1.04A, a conclusion that the Magistrate Judge upheld. (ECF No. 26, PageID.4767.) Plaintiff previously argued in her motion for summary judgment that her impairments "meet or equal the requirements of Listing 1.04[A]," and the evidence she cited included positive straight leg raising tests. (ECF No. 18, PageID.4670–4673.) In her objection, she disputes the Magistrate Judge's conclusion regarding nerve root compression, and she again references positive straight leg

raising tests that appear in the record. (ECF No. 26, PageID.4768–4769.)

Defendant argues in its response that "the Magistrate Judge properly

concluded that Plaintiff failed to show that her impairments met or

equaled listing 1.04A." (ECF No. 27, PageID.4778.)

For a claimant to meet the criteria of Listing 1.04A, she must

demonstrate the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A) (effective May 22, 2018 to

Sept. 23, 2019).[2] "To prove that her impairments satisfy a particular

---

[2] The Court considers the version of Listing 1.04A that was in effect when the ALJ issued his decision on August 28, 2018. *See Garavaglia v. Comm'r of Soc. Sec.*, No. 18-12237, 2019 WL 4145582, at *6 (E.D. Mich. Aug. 10, 2019) (considering the version of Listing 1.04A "effective on the date of the ALJ's decision"), *R. & R. adopted sub nom. Garavaglia v. Berryhill*, No. 2:18-cv-12237, 2019 WL 4139286 (E.D. Mich. Aug. 30, 2019).

Listing, [Plaintiff] had to show that her impairments meet each of the medical criteria or that her unlisted impairment or combination thereof is 'equal in severity to *all* the criteria for the one most similar listed impairment.'" *Chicora*, 852 F. App'x at 971 (emphasis in original) (quoting *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 414–15 (6th Cir. 2020)).

The ALJ concluded that Plaintiff's "back impairment does not rise to the severity required under listing 1.04." (ECF No. 17-14, PageID.3917.) He considered that Plaintiff's X-rays of her lumbar spine in 2006 were "normal"; that Plaintiff "had a normal gait with good range of motion of her back"; that Plaintiff had negative straight leg raising; that Plaintiff's sensation was intact; and that Plaintiff was able to ambulate "easily and without difficulty." (ECF No. 17-14, PageID.3919–3920.) He also considered that a 2011 MRI showed that "[t]he L4 nerve root exited freely, but may have made contact with the L5 nerve root before it exited." (*Id.* at PageID.3920.)

The Magistrate Judge rejected "Plaintiff's claim that she meets Listing 1.04A." (ECF No. 25, PageID.4754.) He found that

> [m]ost obviously, the record contains no indication that she experienced motor loss, muscle weakness, or sensory or reflex

17

loss. She cannot show nerve root compression. While one study shows a herniation "abutting" a nerve root (ECF No. 17-7, PageID.2534), "abutting" is not the same as "compression." *See Adams v. Comm'r of Soc. Sec.*, No. 13-cv-11132, 2014 WL 897381, at *9, fn 5 (E.D. Mich. Mar. 6, 2014) (evidence that disc protrusion "abuts" a nerve root does not satisfy the Listing's requirement of "nerve root compression") (emphasis omitted).

(*Id.*)

In her objection, Plaintiff disagrees with the Magistrate Judge's conclusion that "'abutting' is not the same as 'compression.'" She argues that "[t]he abutment of nerve root means the vertebral disc is touching the nerve root. That touching is comparable to 'compreshion' [sic] of the nerve root—both cause radicular pain and eventual loss of strength and parathesia . . . ." (ECF No. 26, PageID.4768.) But the Magistrate Judge is correct that "'abutting' is not the same as 'compression'" for purposes of determining whether Listing 1.04A's requirement of nerve root compression is satisfied. (ECF No. 25, PageID.4754 (citing *Adams*, 2014 WL 897381, at *9 n.5)); *see Momany v. Comm'r of Soc. Sec.*, No. 17-cv-10626, 2019 WL 1306164, at *3 (E.D. Mich. Mar. 22, 2019) (agreeing with the magistrate judge that "nerve-root *abutment* does not satisfy Listing 1.04A's requirement of nerve-root *compression*" (emphasis in original)

18

(internal citations omitted)); *Dunkel v. Comm'r of Soc. Sec.*, No. 19-10267, 2020 WL 1502006, at *3 (E.D. Mich. Mar. 30, 2020) (agreeing with the magistrate judge's finding that "the medical evidence cited by Plaintiff reflected disc protrusion that abutted nerve roots, but the case law indicates that such evidence of nerve abutment is 'insufficient to satisfy listing 1.04(A)'s requirement [of] nerve root compression.'" (alteration in original) (internal citations omitted)). Therefore, Plaintiff's argument is rejected.

Plaintiff points to evidence of positive straight leg raising tests in her objection. (*See* ECF No. 26, PageID.4769 (citing ECF No. 17-7, PageID.2550[3]; ECF No. 17-13, PageID.3711[4]).) However, as Defendant notes, the records do not specify whether these findings were made in the sitting or supine position, "and the listing requires both." (ECF No. 27, PageID.4779 (citing *Palaghe v. Comm'r of Soc. Sec.*, No. 15-cv-11920,

---

[3] Plaintiff cited to this record in the portion of her motion for summary judgment in which she argued that her impairments meet or medically equal Listing 1.04A. (*See* ECF No. 18, PageID.4671.)

[4] The Court notes that this record is from an examination that took place on February 13, 2012 (*see* ECF No. 17-13, PageID.3709), which is beyond the relevant period because "Plaintiff is currently receiving benefits for disability for the period from February 13, 2012 forward." (ECF No. 25, PageID.4757; *see* ECF No. 17-14, PageID.3925–3926.)

19

2016 WL 1714733, at *14 (E.D. Mich. Apr. 28, 2016) ("Lack of evidence that the straight-leg test was positive in both the sitting and supine position is itself sufficient to preclude a claimant from meeting Listing 1.04A." (internal citations omitted))); *see also* ECF No. 17-7, PageID.2821 (recording positive straight leg raise on the left and right without indicating whether it was in the sitting or supine position).) "Because claimants must meet *all* of the medical criteria of a listing to qualify," *Palaghe*, 2016 WL 1714733, at *14 (emphasis in original), Plaintiff does not show that the ALJ and the Magistrate Judge improperly determined that her impairments do not meet Listing 1.04A. *See O'Brien*, 819 F. App'x at 415 (concluding that an "MRI finding of possible nerve-root contact and the one positive straight-leg raising test fail to show 'nerve root *compression* characterized by . . . positive straight-leg raising test (sitting *and* supine)'" (emphasis in original) (quoting Listing 1.04A)).

Plaintiff states in the heading of her third objection that she disagrees with the ALJ's finding that her impairments did not medically equal listing 1.04A[5] (*see* ECF No. 26, PageID.4767), but she does not

---

[5] In footnote 4 of Defendant's response to Plaintiff's objections, Defendant states that "the Magistrate Judge cited the incorrect part of the HALLEX [Hearings, Appeals, and Law Litigation Manual] provision" in the portion of the R&R rejecting

elaborate on this assertion in the body of her filing. Because she failed to develop this argument, "she has forfeited it." *Chicora*, 852 F. App'x at 971 n.1 (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited]. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (alterations in original)). Accordingly, Plaintiff's third objection is overruled.

---

Plaintiff's argument that her impairments medically equal Listing 1.04A. (ECF No. 27, PageID.4779 n.4.) Specifically, Defendant argues that the Magistrate Judge should have relied on a different HALLEX provision that it believes instructs that SSR 17-2p, and not SSR 96-6p, "governs here." (*Id.*) To the extent that Defendant's argument is an objection to the R&R, it is untimely; the R&R was entered on April 30, 2021, and Defendant filed its response to Plaintiff's objections on May 27, 2021. Because Defendant did not object to the R&R "within 14 days of service of a copy hereof," as instructed by the R&R (ECF No. 25, PageID.4757), and it did not seek leave to file an untimely objection, the Court will not consider this argument. Even if the Court were to consider Defendant's argument, Defendant does not state in its footnote that applying SSR 17-2p would lead to a different conclusion than the one reached by the Magistrate Judge, who applied SSR 96-6p in the R&R. Indeed, Defendant states that "the Magistrate Judge . . . properly rejected [Plaintiff's] argument that her impairments equaled" Listing 1.04A (ECF No. 27, PageID.4779 (citing ECF No. 25, PageID.4756)), and it asks that the Court "adopt the Magistrate Judge's recommended finding that Plaintiff failed to meet her burden at step three." (*Id.*)

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 25.) Plaintiff's motion for summary judgment is DENIED (ECF No. 18), and Defendant's motion for summary judgment is GRANTED. (ECF No. 21.)

IT IS SO ORDERED.

Dated: September 20, 2021       s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2021.

                            s/William Barkholz
                            Case Manager